

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 27, 1959

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. WW-673

Re: Questions relating to
allocations to the
Teacher Retirement
System as provided by
House Bill 5, First
Called Session, 56th
Dear Mr. Calvert:                    Legislature, 1959.

We quote from your request for an opinion as
follows:

"Your attention is directed to
H. B. 5, First Called Session, 56th
Legislature, Sec. 2(3) relative to
allocations to the Teacher Retirement
System, which reads in part as follows:

"'provided further, that in the event
said estimate of the contributions of
the members of the System shall vary
from the actual amount of the teachers'
contributions during the year, then
such adjustments as may be required
shall be made on the first day of the
following fiscal year with any moneys
in or due the General Revenue Fund.'

"Teachers' contributions are in
excess of contributions at this same
time last year. If such contributions
for June, July and August, 1959, are
the same as June, July and August,
1958, the following will occur:

"Teachers' Contributions 1959
    to be matched             $31 569 691

Less 1959 matching transfers
    authorized by TRS          30 600 000
                          $   969 691

"This $969,691 will be covered, if the General Fund is still on a deficit, by impounding all receipts to the General Fund beginning September 1, 1959, until such demand has been satisfied.

"It is customary for the general appropriation bill to contain an appropriation of the sums set aside from state money to match Teachers' contributions.

"It is apparent now that the matching set aside this year on certificate of the Teacher Retirement System will be insufficient, as outlined above.

"I will thank you to advise me, in accordance with said H. B. 5:

"1.    If the Comptroller at this time must consider the above estimated deficit in making an estimate of revenues available to the General Fund in the next biennium.

"2.    If your answer is in the negative, must this factor be taken into consideration in certifying the general appropriation bill if such appropriation bill appropriates all the state matching to be received."

Attorney General's Opinion WW-640 (1959) construed House Bill 5 as requiring the Comptroller to use the cash accounting basis as the bill provides that outstanding appropriations which may exist after the end of the then fiscal year should not be deducted from the cash condition of the Treasury or the anticipated revenue of the next biennium for the purpose of certification. The constitutional authority of the Legislature to make such a requirement was sustained by the opinion. The opinion further pointed out that the Comptroller "in certifying it to the House in which same originated, should by virtue of the mandate of Section 49a of Article III of the Constitution, take into consideration every element that bears upon the amount of funds that will be available, including an estimate of the amount of funds that will not be expended under the appropriation for the present biennium, as well as an estimate of the amount of funds that will not be disbursed by virtue of appropriations made for the next biennium."

Your request points out that you anticipate a deficit of approximately Nine Hundred Sixty-nine Thousand, Six Hundred Ninety-one and no/100 ($969,691.00) Dollars in the State's matching contributions for the Teacher Retirement System at the close of the current biennium on August 31. The resulting deficit, you further point out, will be covered by impounding all receipts to the General Fund beginning September 1, 1959, until such deficit has been satisfied. The sum, therefore, will represent an outstanding and undisbursed appropriation at the end of the current biennium, and pursuant to Section 1 of House Bill 5 should "be considered as probable disbursements of the succeeding biennium in the same manner that earned but uncollected income of a current biennium is considered probable receipts of the succeeding biennium." Section 1 further provides that outstanding appropriations which may exist after the end of the then current fiscal year shall not be deducted from the cash condition of the Treasury or the anticipated revenues of the next biennium for the purpose of certification.

It follows from what we have said that the Comptroller should not for the purpose of certification deduct

the subject deficit from the cash condition of the Treasury on August 31, or from the anticipated revenues for the next biennium. Since the sum will represent an outstanding and undisbursed appropriation at the end of the current biennium, it should be considered as probable disbursements of the succeeding biennium. In estimating the total disbursements for the ensuing biennium, the Comptroller should not include the amount of funds appropriated but which he anticipates will not be disbursed during the biennium.

## SUMMARY

Since the anticipated deficit in the State's matching contribution to the Teacher Retirement System will represent an outstanding and undisbursed appropriation at the end of the current biennium, it should not be deducted from the cash condition of the Treasury or the anticipated revenues of the next biennium. The deficit, however, should be considered as probable disbursements of the ensuing biennium, but in estimating the total of such disbursements the Comptroller should not include the amount of funds appropriated but which he anticipates will not be disbursed during the biennium.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _Leonard Passmore_
Leonard Passmore
Assistant

By _Henry G. Braswell_
Henry G. Braswell
Assistant

LP:mfh

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

J. Arthur Sandlin
Jot Hodges, Jr.
Marvin H. Brown, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert